UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                    No. 00-4770

EDSON ROGERIO FRANCISCO,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-00-143)

Submitted: January 31, 2002

Decided: February 11, 2002

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Dale Warren Dover, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, John T. Morton, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Edson Rogerio Francisco appeals his conviction and twenty-four-month sentence imposed after a jury found him guilty of transporting illegal aliens for financial gain, in violation of 8 U.S.C.A. § 1324(a)(1)(A)(ii), (a)(1)(B)(i) (West 1999). On appeal, Francisco challenges the applicability of the statute under which he was convicted, the sufficiency of the indictment, the propriety of the district court's denial of his motion to suppress on Fourth Amendment grounds,* and the validity of his sentence in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Finding no reversible error, we affirm.

Francisco first argues that § 1324(a)(1)(A)(ii) does not apply to the facts of his case. Specifically, he contends that in order for that statute to apply, the alien must have entered the United States illegally, thereby making illegal entry a predicate offense. Because all but one of the aliens Francisco transported entered the United States legally, he contends that the statute does not apply. We review de novo the district court's interpretation of a statute. *United States v. Stewart*, 256 F.3d 231, 247 (4th Cir.), *cert. denied*, 122 S. Ct. 633 (2001).

We agree with the district court that the plain language of § 1324(a)(1)(A)(ii) applies where, as in this case, an alien enters the United States on a tourist visa and illegally stays after the visa expired. *See United States v. Esparza*, 882 F.2d 143, 145 (5th Cir. 1989) ("The statute sets forth, in disjunctive form, the violations. The prosecution must prove that the alien . . . 'has come to, entered, or remains in the United States in violation of the law.' The government is not required to prove all three conditions") (citing *United States v. Rivera*, 859 F.2d 1204, 1209 (4th Cir. 1988)). We therefore reject Francisco's challenge to the applicability of the statute.

---

*Francisco does not challenge on appeal the district court's disposition of his claims under the Fifth and Sixth Amendments and *Miranda v. Arizona*, 384 U.S. 436 (1966). We therefore find that he has abandoned those claims on appeal. *Pleasurecraft Marine Engine Co. v. Thermo Power Corp.*, 272 F.3d 654, 657 (4th Cir. 2001) (noting that issues not raised in a party's opening brief are not preserved for appeal).

Francisco next asserts that the indictment is defective because it "fail[ed] to allege that [he] acted willfully in furtherance of the alien's violation of law." (Appellant's Br. at 10). We have reviewed the indictment under the liberal standard set forth in *United States v. Williams*, 152 F.3d 294, 298-99 (4th Cir. 1998), and find that the indictment is sufficient.

Francisco also contends that the district court erred in denying his motion to suppress on Fourth Amendment grounds. Specifically, he contends that there was no reasonable suspicion to stop his van and that there was no probable cause to arrest him. We review the ultimate suppression issue de novo but review the underlying factual findings for clear error. *United States v. Simons*, 206 F.3d 392, 398 (4th Cir. 2000).

We agree with the district court that, based on the totality of the circumstances, the officer had reasonable suspicion to stop Francisco's van. *See United States v. Sokolow*, 490 U.S. 1, 8 (1989); *United States v. Terry*, 392 U.S. 1, 20-22 (1968). We also agree that there was probable cause to arrest Francisco given the information the officer obtained during his conversation with one of the passengers in the van that implicated Francisco in the type of activity the officer was investigating. *See Beck v. Ohio*, 379 U.S. 89, 91 (1964); *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998). We therefore find no error in the district court's denial of Francisco's motion to suppress.

Finally, Francisco contends that his twenty-four-month sentence violates the rule announced in *Apprendi v. New Jersey*. We have held that *Apprendi* does not apply to a judge's exercise of sentencing discretion within a statutory range, so long as a defendant's sentence is not set beyond the maximum term specified in the substantive statute. *United States v. Kinter*, 235 F.3d 192, 200-01 (4th Cir. 2000), *cert. denied*, 121 S. Ct. 1393 (2001). Because the enhancement based upon the number of aliens transported did not increase Francisco's sentence beyond the ten-year statutory maximum, *see* 8 U.S.C.A. § 1324(a)(1)(B)(i), *Apprendi* is not implicated.

Accordingly, we affirm Francisco's conviction and sentence. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*